DONNA S. TAMANAHA (WI# 1013199)
Assistant United States Trustee
JULIE M. GLOSSON (SBN 230709)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: julie.m.glosson@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 15-31259 HLB |
| SINBAD'S PIER II, INC., aka Sinbad's | Chapter 11 |
| | Date: October 21, 2015 |
| | Time: 2:00 p.m. |
| | Ctrm: Hon. Hannah L. Blumenstiel |
| Debtor. | 235 Pine Street, Courtroom 23 |
| | San Francisco, CA |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S FIRST DAY MOTIONS**

Tracy Hope Davis, United States Trustee by and through her undersigned counsel, hereby objects to Debtor's following first day motions:

1. Motion For Interim And Final Orders (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 And (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) ("Cash Collateral Motion") [dkt. #6]; and

2. First Amended Motion For Order Authorizing Debtor To (I) Continue Certain Consumer Practices and (II) Maintain Its Credit Card Payment System ("Consumer and Credit Card Motion" and together with Cash Collateral Motion "Motions") [dkt. #16].

UST'S OBJECTION TO DEBTOR'S FIRST DAY MOTIONS: 15-31259    1

## I. Introduction

This case was commenced with the filing of a bare bones chapter 11 petition. Relief sought by Debtor's First Day Motions impact the rights of creditors, including unsecured creditors. In fact, only today did the Debtor file its list of creditors holding the 20 largest claims, and the hearing on its First Day Motions is Wednesday, October 21, 2015. Consistent with her duties under 28 U.S.C. § 586, the United States Trustee has scheduled a meeting to form a committee which could only have been noticed today.

Debtor has failed to satisfy Bankruptcy Rule 6003. Specifically, no showing has been made that the relief Debtor seeks meets the standards for immediate and irreparable harm. 11 U.S.C. § 363; Fed. R. Bankr. P. 6003. The Court should not approve relief absent the showing required by Rule 6003. The United States Trustee reserves her right to object.

To the extent Debtor's Cash Collateral Motion seeks to pay insiders inconsistent with U.S.C. § 503(c), on notice to creditors and opportunity for hearing, the United States Trustee objects and reserves her rights. There is no record to satisfy this relief.

Because Debtor has not filed its schedules or Statement of Financial Affairs, any relief sought by Debtor should be substantiated by evidence for the Court and parties in interest to evaluate the Debtor's capital structure.

## II. Statement of Facts

1. Debtor Sinbad's Pier II, Inc. commenced a voluntary petition for relief under chapter 11 on October 14, 2015. See Petition [dkt. #1].

2. The United States Trustee has been delayed in the solicitation for a committee of unsecured creditors because the Debtor filed its list of creditors holding the 20 largest claims on October 19, 2015. The United States Trustee will hold a meeting to form a committee on October 23, 2015.

3. Debtor has not filed schedules or the Statement of Financial Affairs. Debtor has been ordered to file these and other required documents by October 30, 2015. See Order [dkt. #13].

4. The Petition indicates Debtor's assets range in value from $0 to $50,000 and liabilities are estimated at $1,000,001 million to $10 million. See Petition [dkt. #1].

5. The United States Trustee's Initial Debtor Interview is scheduled for November 3, 2015.

6. The 11 U.S.C. § 341(a) meeting of creditors is scheduled for November 10, 2015.

7. On October 15, 2015, the Debtor filed the Cash Collateral Motion and on October 16, 2015, filed the Consumer and Credit Card Motion[1]. See dkt. #6 and 16.

8. Debtor moved for an order shortening the time for hearing on the First Day Motions. A hearing is presently scheduled for October 21, 2015.

### III. Jurisdiction and Standing

Under 28 U.S.C. § 586(a)(3), the United States Trustee is charged with supervising the administration of cases and trustees "by, whenever the United States trustee considers it to be appropriate" taking certain action. 28 U.S.C. §§ 586(a)(3)(A) – (I). This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3rd Cir. 1994).

Under 11 U.S.C. § 307, the United States Trustee has standing to be heard and to object to Debtor's First Day Motions. 11 U.S.C. § 307.

### IV. Legal Discussion

**A. Debtor Failed to Timely File List of Creditors Holding Twenty Largest Claims**

Bankruptcy Rule 1007(d) requires "the debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). This deadline is not subject to extension. Fed. R. Bankr. P. 9006(b)(2).

---

[1] Debtor filed its amended Consumer and Credit Card Motion on October 16, 2015 which amended the motion filed on October 15, 2015. See dkt # 7 and 16.

The United States Trustee solicits creditors from this list of 20 largest for the purposes of organizing a committee of unsecured creditors. 11 U.S.C. § 1102(a); 28 U.S.C. § 586(a)(3)(I). Because Debtor filed this list five days after the petition was filed, the United States Trustee has been delayed in the solicitation of creditors for purposes of appointment to a committee.

### B. Debtor Has Failed To Sustain Burden Under Rule 6003

Bankruptcy Rule 6003 provides in pertinent part that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition" issue an order granting a motion to use property of the estate, "including to pay all or part of a claim that arose before the filing of the petition." Fed. R. Bankr. P. 6003. Debtor has not sustained its burden that immediate and irreparable harm will occur if the Court does not grant its request to continue using its credit card processing system, to pay the pre-petition fees to its credit card processors, and to continue to honor the GroupOn vouchers.

#### 1. Debtor's Request to Continue Credit Card Processing System Should Be Denied Absent Additional Information

Debtor seeks to continue using its credit card processing system with American Express and Payment Systems, however, Debtor provides little information on how this system works. Debtor does not disclose at which banking institution such accounts are maintained, whether Debtor is seeking to maintain an account that is not a debtor-in-possession bank account with an authorized depository. Until such information is provided, Debtor's request should be denied.

#### 2. Debtor's Request to Pay Pre-Petition Fees to Credit Card Processors Should Be Denied.

Under subpart (b) of Rule 6003, unless the debtor demonstrates that "relief is necessary to avoid immediate and irreparable harm," the court is prohibited within the first 21 days of the case from granting a "motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001." Fed. R. Bankr. P. 6003(b). The United States Trustee objects insofar as Debtor seeks authority to pay $3,000 to two credit card processing companies for pre-petition processing fees without demonstrating that immediate or irreparable

UST'S OBJECTION TO DEBTOR'S FIRST DAY MOTIONS: 15-31259    4
Case: 15-31259   Doc# 31   Filed: 10/19/15   Entered: 10/19/15 16:09:33   Page 4 of 7

harm will occur. Debtor has offered no evidence that these processors will discontinue providing services to the Debtor. Further, the declaration of Duane Stinson filed in support is inadequate because it is based upon information and belief with respect to this aspect of the request and does not state that the processors will discontinue service. The Declaration also does not identify who at the Debtor contacted the processors, or that the processors stated it would discontinue services. Rather, the only statement made is that the processors declined to deviate from the normal business practice.

### 3. Debtor's Request to Continue to Honor GroupOn Vouchers Should Be Denied Absent More Information

Debtor seeks authority to continue to honor GroupOn vouchers which it estimates to be $8,250 in pre-petition claims. Such vouchers are similar to gift cards or gift certificates which constitute a pre-petition claim. Because Debtor seeks to continue to honor such vouchers, any payments or honoring of said vouchers must satisfy the immediate and irreparable harm standard under Rule 6003. Debtor has not indicated whether there are other costs associated with this program or other details relevant to justify the immediate and irreparable harm standard, including the frequency which such vouchers are redeemed and whether the vouchers expire altogether or simply retain the face value forever. Accordingly, this request should be denied.

## C. To the Extent Debtor Seeks to Pay Insiders in its Cash Collateral Motion, Debtor Has Failed to Meet Its Burden

The United States Trustee objects to Debtor's Cash Collateral Motion to the extent it seeks to pay insiders, brothers Duane, Thomas and Charles Stinson, and otherwise circumvent the requirements of section 11 U.S.C. § 503(c). Any payments to insiders in a chapter 11 case for the purpose of inducing them to remain with the bankruptcy business are subject to the stringent requirements of 11 U.S.C. § 503(c), which in relevant part provides:

> Notwithstanding subsection (b), there shall neither be allowed, nor paid –
> (1) a transfer made to, or an obligation incurred for the benefit of, an insider of the debtor for the purpose of inducing such person to remain with the debtors' business, absent a finding by the court based on evidence in the record that

>>(A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;
>>(B) the services provided by the person are essential to the survival of the business; and
>>C) either –
>>>(i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or
>>>(ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred….

11 U.S.C. § 503(c). Mr. Duane Stinson, who is vice-president of the Debtor, appears to satisfy the statutory definition of insider under 11 U.S.C. § 101(31); however, the Cash Collateral Motion lacks sufficient information to make such determination as to the other brothers. Debtor has provided no evidence or analysis to demonstrate that Section 503(c) does not apply or that the relief meets the requirements of Section 503(c). Therefore, Debtor has failed to meet its burden as to the payments to insiders and the Cash Collateral Motion should be denied in this respect.

### D. Debtor's First Day Motions Are Not Supported by Competent Evidence

Debtor's First Day Motions are supported by the Declaration of Duane Stinson ("Stinson Decl."). <u>See</u> Declaration [dkt. #8]. Absent from both the Stinson Decl. and the First Day Motions is disclosure of the Debtor's capital structure, including a summary of Debtor's major assets and liabilities, and the amount owed to the Port Authority. Although Debtor has identified its major classes of creditors, the amounts owed to each is not disclosed. Accordingly, the Debtor's request for use of cash collateral cannot be properly evaluated in the context of the case itself.

### E. Debtor Has Failed To Comply with Court's Guidelines

The *Guidelines For Cash Collateral And Financing Motions And Stipulations* ("Guidelines") adopted by the Bankruptcy Courts For the Northern District of California require certain minimum disclosures and a certification of the Debtor's attorney. The Cash Collateral Motion lacks the attorney certification as required by Section G of the Guidelines.

### V. Conclusion

WHEREFORE, the United States Trustee objects and requests the Court deny approval of the First Day Motions, and for any other relief as the Court deems appropriate.

Dated: October 19, 2015

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

 /s/ Julie M. Glosson
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379